TODD M. MALYNN (SBN 181595)
tmalynn@polsinelli.com
POLSINELLI LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: 310.556.1801
Facsimile: 310.556.1802

Attorneys for Defendant
PENGUIN MAGIC, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| YIGAL MESIKA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PENGUIN MAGIC, INC., a Nevada corporation, DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:15-cv-09314-RGK-DTB<br><br>**[PROPOSED] ORDER**<br><br>Judge:  Hon. R. Gary Klausner<br><br>Date:   October 31, 2016<br>Time:   9:00 a.m.<br>Place:  Courtroom 850<br>        255 E. Temple St.<br>        Los Angeles, CA  90012 |

The Court, having read and considered, *inter alia,* Defendant Penguin Magic's ("Penguin Magic") Memorandum of Points and Authorities, Statement of Uncontroverted Facts and Conclusions of Law and supporting evidence, and finding that the Motion is meritorious, hereby orders that the Motion is GRANTED for the following reasons:

Plaintiff Yigal Mesika ("Mesika") asserts the following claims: (1) federal trademark infringement under 15 U.S.C. § 1114(1)(a); (2) Lanham Act unfair competition under 15 U.S.C. § 1125(a); (3) unfair trade practices under California law; and (4) false advertising under California law.

Mesika's claims for federal trademark infringement and unfair trade practices under California law are barred as a matter of law. Mesika is not the

1 owner of the alleged underlying trademark. Therefore, he lacks standing to bring
2 claims for trademark infringement of the alleged LOOPS mark. *Gaia Techs. v.
3 Reconversion Techs.*, 93 F.3d 774, 777 (Fed. Cir. 1996). Furthermore, his federal
4 Registrations are void *ab initio*. 37 C.F.R. § 2.71(d).

5   The alleged underlying trademark and Registrations, if owned by Mesika,
6 would be invalid as abandoned by naked licensing. *FreecycleSunnyvale v.
7 Freecycle Network*, 626 F.3d 509, 515 (9th Cir. 2010) ("'Naked licensing' occurs
8 when the licensor fails to exercise adequate quality control over the licensee.").
9 Mesika failed to exercise adequate quality control over his licensee Finn Jon, and
10 consequently he is estopped from asserting rights to the trademark. *Barcamerica
11 Int'l USA Trust v. Tyfield Importers, Inc.,* 289 F.3d 589, 596 (9th Cir. 2002).

12   Alternatively, the alleged underlying trademark and Registrations are also
13 invalid as generic. The term "loops" is and has been a generic name for any tied
14 loop of invisible elastic thread. As such, it cannot serve as a trademark. *Off. Airline
15 Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993).

16   Mesika's Registrations are also invalid as obtained by fraud. Throughout the
17 application process, Mesika misrepresented his ownership of the underlying
18 alleged mark LOOPS, and he continued this misrepresentation during post-
19 issuance submissions. Mesika also misrepresented the sales and advertising levels
20 attributable to his products to justify issuance of the Registrations based on
21 acquired distinctiveness. Mesika's actions were fraudulent because the
22 misrepresentations were false, Mesika knew they were false, they were made with
23 the intent to induce reliance by the Trademark Office, and the Trademark Office in
24 fact relied upon them, ultimately resulting in the erroneous issuance of Mesika's
25 Registrations. *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir.1990).

26   Even if the underlying trademark and Registrations are not invalid, Penguin
27 Magic has not infringed them. The only evidence presented by Mesika during this
28 litigation is of nominative fair uses and/or uses protected under the first sale

doctrine. These uses do not constitute trademark infringement or unfair competition. *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175 (9th Cir. 2010); *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995). Mesika is enjoined from asserting claims against Penguin Magic for the same or similar conduct.

Mesika's remaining claims for federal unfair competition and false advertising under California law are also barred as a matter of law. To sustain either claim, Mesika must identify specific false statements of fact that are known to be untrue or misleading. Mesika has identified no such statements in his pleadings, and Mesika has produced no evidence of such statements during this litigation. Therefore, Mesika's claims fail as a matter of law. *Southland Sod Farms v. Sover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir.1997); *Vitt v. Apple Computer, Inc.*, 469 Fed. Appx. 605, 607 (9th Cir.2012).

Finally, the Court finds this is an exceptional case under 15 U.S.C. § 1117(a). Mesika's claims were groundless, unreasonable, vexatious, or pursued in bad faith. Therefore, Penguin Magic is entitled to an award of reasonable attorneys' fees and costs. *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012). Penguin Magic shall file a petition for an award of fees and costs within 21 days of this order.

**It is SO ORDERED.**