1  TODD M. MALYNN (SBN 181595)
   tmalynn@polsinelli.com
2  POLSINELLI LLP
   2049 Century Park East, Suite 2900
3  Los Angeles, CA 90067
   Telephone:  310.556.1801
4  Facsimile:   310.556.1802

5  Attorneys for Defendant
6  PENGUIN MAGIC, INC.

7           UNITED STATES DISTRICT COURT
8           CENTRAL DISTRICT OF CALIFORNIA
                   WESTERN DIVISION
9

10 YIGAL MESIKA, an individual,          Case No. 2:15-cv-09314-RGK-DTB

11                    Plaintiff,
                                         **NOTICE OF LODGMENT OF**
12     vs.                               **[PROPOSED] ORDER ON**
                                         **MOTION FOR SUMMARY**
13 PENGUIN  MAGIC,  INC.,  a  Nevada     **JUDGMENT**
   corporation, DOES 1-10, inclusive,
14
                      Defendant.         Judge:    Hon. R. Gary Klausner
15
                                         Date:     October 31, 2016
16                                       Time:     9:00 a.m.
                                         Place:    Courtroom 850
17                                                 255 E. Temple St.
                                                   Los Angeles, CA  90012
18

19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

                              1

PLEASE TAKE NOTICE that attached hereto as Exhibit "A" is Defendant's Notice of Lodgment of [Proposed] Order on Motion for Summary Judgment.

Dated:  September 29, 2016

Respectfully submitted,

**POLSINELLI LLP**

/S/TODD MALYNN

By:   Todd M. Malynn, Esq.

2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:  (310) 556-1801
Facsimile:   (310) 556-1802
tmalynn@polsinelli.com

*Attorneys for Defendant*
PENGUIN MAGIC. INC.

Exhibit A

1  TODD M. MALYNN (SBN 181595)
   tmalynn@polsinelli.com
2  POLSINELLI LLP
   2049 Century Park East, Suite 2900
3  Los Angeles, CA 90067
   Telephone:  310.556.1801
4  Facsimile:   310.556.1802

5  Attorneys for Defendant
6  PENGUIN MAGIC, INC.

7          UNITED STATES DISTRICT COURT
8          CENTRAL DISTRICT OF CALIFORNIA
                  WESTERN DIVISION
9

10  YIGAL MESIKA, an individual,        Case No. 2:15-cv-09314-RGK-DTB

11                      Plaintiff,      **[PROPOSED] ORDER**

12         vs.

13  PENGUIN  MAGIC,  INC., a  Nevada    Judge:    Hon. R. Gary Klausner
    corporation, DOES 1-10, inclusive,
14                                      Date:     October 31, 2016
                        Defendant.      Time:     9:00 a.m.
15                                      Place:    Courtroom 850
                                                  255 E. Temple St.
16                                                Los Angeles, CA  90012

17

18        The Court, having read and considered, *inter alia,* Defendant Penguin

19  Magic's ("Penguin Magic") Memorandum of Points and Authorities, Statement of

20  Uncontroverted Facts and Conclusions of Law and supporting evidence, and

21  finding that the Motion is meritorious, hereby orders that the Motion is GRANTED

22  for the following reasons:

23        Plaintiff Yigal Mesika ("Mesika") asserts the following claims: (1) federal

24  trademark infringement under 15 U.S.C. § 1114(1)(a); (2) Lanham Act unfair

25  competition under 15 U.S.C. § 1125(a); (3) unfair trade practices under California

26  law; and (4) false advertising under California law.

27        Mesika's claims for federal trademark infringement and unfair trade

28  practices under California law are barred as a matter of law.  Mesika is not the

                                        1

owner of the alleged underlying trademark. Therefore, he lacks standing to bring claims for trademark infringement of the alleged LOOPS mark. *Gaia Techs. v. Reconversion Techs.*, 93 F.3d 774, 777 (Fed. Cir. 1996). Furthermore, his federal Registrations are void *ab initio*. 37 C.F.R. § 2.71(d).

The alleged underlying trademark and Registrations, if owned by Mesika, would be invalid as abandoned by naked licensing. *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 515 (9th Cir. 2010) ("'Naked licensing' occurs when the licensor fails to exercise adequate quality control over the licensee."). Mesika failed to exercise adequate quality control over his licensee Finn Jon, and consequently he is estopped from asserting rights to the trademark. *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.,* 289 F.3d 589, 596 (9th Cir. 2002).

Alternatively, the alleged underlying trademark and Registrations are also invalid as generic. The term "loops" is and has been a generic name for any tied loop of invisible elastic thread. As such, it cannot serve as a trademark. *Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1391 (9th Cir. 1993).

Mesika's Registrations are also invalid as obtained by fraud. Throughout the application process, Mesika misrepresented his ownership of the underlying alleged mark LOOPS, and he continued this misrepresentation during post-issuance submissions. Mesika also misrepresented the sales and advertising levels attributable to his products to justify issuance of the Registrations based on acquired distinctiveness. Mesika's actions were fraudulent because the misrepresentations were false, Mesika knew they were false, they were made with the intent to induce reliance by the Trademark Office, and the Trademark Office in fact relied upon them, ultimately resulting in the erroneous issuance of Mesika's Registrations. *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir.1990).

Even if the underlying trademark and Registrations are not invalid, Penguin Magic has not infringed them. The only evidence presented by Mesika during this litigation is of nominative fair uses and/or uses protected under the first sale

2

doctrine.   These uses do not constitute trademark infringement or unfair competition. *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1175 (9th Cir. 2010); *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995). Mesika is enjoined from asserting claims against Penguin Magic for the same or similar conduct.

Mesika's remaining claims for federal unfair competition and false advertising under California law are also barred as a matter of law. To sustain either claim, Mesika must identify specific false statements of fact that are known to be untrue or misleading. Mesika has identified no such statements in his pleadings, and Mesika has produced no evidence of such statements during this litigation.   Therefore, Mesika's claims fail as a matter of law. *Southland Sod Farms v. Sover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir.1997); *Vitt v. Apple Computer, Inc.*, 469 Fed. Appx. 605, 607 (9th Cir.2012).

Finally, the Court finds this is an exceptional case under 15 U.S.C. § 1117(a). Mesika's claims were groundless, unreasonable, vexatious, or pursued in bad faith. Therefore, Penguin Magic is entitled to an award of reasonable attorneys' fees and costs. *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012). Penguin Magic shall file a petition for an award of fees and costs within 21 days of this order.

**It is SO ORDERED.**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on September 29, 2016, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system.  The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice of this document by electronic means.

Dated:  September 29, 2016

POLSINELLI, PC

By:  /s/AJ Cruickshank
           AJ Cruickshank